UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Suzanne Pearce, M.D.,

Plaintiff,

vs.

Connecticut General Life Insurance Co.,

Defendant.

Court File No. 00-795 DSD/JMM

**STIPULATION AND PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED AND AGREED by and between parties to the above-entitled action, through their undersigned counsel, that the Court may enter an order pursuant to the following terms:

## DESIGNATION

1. Any documents, answers to interrogatories, answers to deposition questions, responses to requests for admissions, samples, objects, or any other materials or portions thereof (hereinafter "**Material**") provided by any party to any other party during the pendency of these proceedings may be designated and marked, in whole or in part, "CONFIDENTIAL" by counsel for the party producing such **Material** at the time of production thereof. To the extent that such **Material** is so marked "CONFIDENTIAL," such **Material** together with any copies of such **Material**, summaries, lists or information derived therefrom and any notes or other record regarding the contents thereof, or any computer data record of any such material, is hereinafter referred to as "**Confidential Material**."

FILED JAN 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. In the event that the receiving party disagrees with the designation and marking or withholding by any producing party of any **Confidential Material**, then the parties shall try first to resolve such dispute on an informal basis before presenting the dispute to the court by motion or otherwise. In no event shall the **Confidential Material** be disclosed to anyone not a party to this Agreement until the issue regarding the designation is resolved.

3. No person shall be entitled to receive **Confidential Material** from any other person without first executing this Stipulation and agreeing to its terms in their entirety.

**DISCLOSURE**

4. Counsel for the receiving party may disclose **Confidential Material** only to "**Qualified Persons**" as defined in paragraph 5 who by this stipulation agree to maintain such information in confidence and who have need for such information in the preparation and trial of this case and only for the purpose of said preparation and trial. Said **Qualified Persons** shall not disclose **Confidential Material** to any other person and shall not use such information for any purpose other than the preparation and trial of this case.

5. As used herein, the term "**Qualified Persons**" means:

a. The attorneys of record for the receiving party, their partners, associates, legal assistants, and stenographic and clerical employees;

b. Named parties, including officers, directors & employees of corporate parties;

c. Subject to signing Affidavits of Confidentiality pursuant to paragraph 7, other persons employed by counsel for the receiving party to assist them or provide technical or expert counsel or services;

d. Witnesses whose depositions are noticed or who will provide testimony to the court, where such witnesses are shown **Confidential Material** in connection with or in preparation for their depositions or testimony; and

e. The Court, under seal and pursuant to the terms of this Stipulation.

6. In the event that counsel for a receiving party believes that it is necessary to disclose any **Confidential Material** pursuant to paragraph 5(c) or 5(d) of this Stipulation, at least ten (10) days prior to making such disclosure to such person or persons, the party desiring to do so shall give written notice thereof to counsel for the producing party, which notice shall identify the person or persons to whom disclosure is to be made, describe the **Confidential Material** intended to be disclosed to such person or persons with particularity, and specify reasons why such disclosure is deemed necessary. The producing party may object to the proposed disclosure of **Confidential Material**, within ten (10) business days following initial notice. If the parties cannot resolve the dispute through negotiation, the party desiring to make said disclosure may seek a ruling on the proposed disclosure and shall have the burden of proving to the Court that the disclosure should be permitted. In the event of such a motion, disclosure of the **Confidential Material** to such person or persons shall not be made pending the ruling of the Court.

7. Prior to any disclosure of **Confidential Material** pursuant to paragraph 5(c) or 5(d), each person receiving such **Confidential Material** shall be required to sign an Affidavit of Confidentiality, a copy of which is attached hereto as Exhibit A. A copy of each signed affidavit shall be furnished to the party from whom the **Confidential Material** was received within ten (10) business days after execution thereof, and before disclosure of any **Confidential Material** to that person.

8. The inadvertent or unintended disclosure by the producing party of confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, whether as

to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

9. Confidential documents may be used as exhibits at trial subject to such protection as the Court shall order at trial.

10. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain confidential materials entitled to protection under this Agreement shall be accorded the status of confidential documents and, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

11. The disclosure of information designated as "CONFIDENTIAL" under the terms of this Stipulation shall not constitute a waiver of any privilege.

**DEPOSITIONS**

12. In addition to the deponent and stenographic personnel, only **Qualified Persons** may remain present during testimony concerning **Confidential Material**, subject to further order of the court having jurisdiction over the matter.

13. Those portions of depositions that discuss or reveal **Confidential Material** and the original and all copies of the transcript of any such deposition portions, including any computer record of such proceedings, shall be deemed "CONFIDENTIAL" and be accorded all protection hereunder.

14. If any **Confidential Material** is summarized, discussed or quoted at any deposition or hearing, or at the trial of this action, all persons other than those otherwise permitted disclosure hereunder and jurors and court personnel, shall be excluded from such portion of the deposition,

hearing or trial. Any transcripts, exhibits or documents that are filed with the Court that comprise, embody, summarize, discuss or quote from **Confidential Material** shall be sealed unless and until the parties agree or the Court orders otherwise.

15. Unless the Court orders otherwise, all Confidential Material and all documents discussing, describing or otherwise reflecting any confidential proprietary information that are filed with this Court shall be filed in sealed envelopes or other appropriate sealed containers, on which shall be endorsed the title of the captioned action, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains information designated as confidential in this action and is not to be opened, nor are the contents thereof to be displayed or revealed, except by order of the Court or pursuant to stipulation of the parties to this action.

Such sealed envelopes or containers shall not be opened, nor shall any Confidential Material or other documents be removed therefrom without further order of the Court except by Qualified Persons, who shall return any documents removed from the Court file to the Clerk of the Court in a sealed envelope or container. The Clerk of the Court is hereby directed to maintain such envelopes and containers in a separate portion of the Court files not available to the public.

**GENERAL**

16. Nothing in this stipulation shall prevent any party or other person from seeking modification of this stipulation or from objecting to discovery that it believes to be otherwise improper.

17. The confidentiality of the **Confidential Material** shall be preserved both during and after final disposition of this and any related action. Within sixty (60) days of the final settlement

or conclusion of all related actions, persons in possession of **Confidential Material** shall, upon demand of the producing party, either return or destroy the **Confidential Material** and all copies, notes, tapes, other papers and other computer data record containing, summarizing or otherwise embodying such **Confidential Material**.

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By______________________________
Brian A. Wood (141690)
Doreen A. Mohs (249968)
Attorneys for Defendant
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7970 / (612) 340-8979

DATED: 1-25, 2001

STAPLETON, NOLAN, PERSIAN, MACGREGOR, THOMPSON & HYNES

By______________________________
Mark M. Nolan (#79418)
Attorney for Plaintiff
Firstar Center
101 East Fifth Street
St. Paul, Minnesota 55101
(651) 227-6661

DATED: 1/23, 2001

# ORDER

PURSUANT TO THE FOREGOING STIPULATION, it is hereby ordered that the parties shall abide by all terms and duties pertaining to the dissemination and use of **Confidential Material**.

BY THE COURT:

______________________________
Mag. Judge of District Court

DATED: 1/24, 2001

# EXHIBIT A

## AFFIDAVIT OF CONFIDENTIALITY

In the case of:

Rodney L. Colburn v. Blue Cross and Blue Shield of Minnesota
Court File No. 19-CX-00-6658

The undersigned has read the Stipulation and Protective Order pertaining to **Confidential Material** in the above-referenced action and agrees:

1. That he/she has read the Stipulation and Protection Order with respect to this matter and shall fully abide by the terms thereof;

2. That he/she shall not disclose the **Confidential Material** to or discuss the **Confidential Material** with any person who is not authorized pursuant to the terms of said Stipulation and Order to receive the disclosure thereof and who has not signed an Affidavit of **Confidential**ity as therein provided;

3. That he/she shall not use such **Confidential Material** for any purpose other than for the purposes of the above-referenced action; and

4. That he/she shall return all **Confidential Material** as defined by Paragraph 1 of the Stipulation and Protective Order attached within (30) days of notice of the final conclusion of this litigation to the BCBSM, Inc. or its attorneys at Rider, Bennett, Egan & Arundel, LLP.

________________________________
Name

________________________________
Address

________________________________

________________________________

________________________________
Signature

Subscribed and sworn to before me this
____ day of ________________, 2001.

________________________________
Notary Public

JAN 29 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.