UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-795 (DSD/JMM)

Susanne Pearce, M.D.,

Plaintiff,

v. ORDER

Connecticut General Life Insurance Co.,

Defendant.

Mark M. Nolan, Esq., and Stapleton, Nolan, MacGregor & Thompson, 2300 Firstar Center, 101 East Fifth Street, St. Paul, MN 55101, counsel for plaintiff.

Brian A. Wood, Esq., Doreen A. Mohs, Esq., and Rider, Bennett, Egan & Arundel, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on the defendant's and plaintiff's cross-motions for partial summary judgment. Based on the file, record, and proceedings herein, the court grants defendant's motion and denies plaintiff's motion.

**BACKGROUND**

Susanne Pearce ("Pearce") brings this lawsuit against Connecticut General Life Insurance Company alleging that she is entitled to benefits under her insurance policy due to disabilities stemming from depression.

28

FILED 8-21-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 8-21-01
Deputy Clerk's Initials

Pearce was hospitalized for depression in the Spring of 1996. Before then, she had worked full-time as a doctor of internal medicine. Since then, she has experienced difficulty in working more than 20 hours per week. Pearce's physician has advised her to avoid overexertion and to limit her working hours to .5 or .6 time, but has not recommended Pearce discontinue her tasks as an internist.

Pearce specifically alleges that her depression is the reason for her reduction in hours, and that she is therefore entitled to benefits under her disability income protection policy. Pearce further alleges that the reduction in hours prevents her from performing her essential employment functions, rendering her "totally disabled" under the policy and entitling her to full monthly disability benefits as provided in the rider to the policy. Both plaintiff and defendant move for partial summary judgment on the issue of applicability of the rider to Dr. Pearce's situation. For the reasons stated, the court grants defendant's motion and denies plaintiff's motion for partial summary judgment.

## DISCUSSION

### I. Standard for Summary Judgment in Insurance Policy Claims

Summary judgment is appropriate where there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The interpretation of an

insurance agreement is a question of law appropriate for summary judgment. Steele v. Great West Casualty Co., 540 N.W.2d 886,888 (Minn. App. 1995).

When the language in an agreement is unambiguous, extrinsic evidence need not be considered. Fena v. Wickstrom, 348 N.W.2d 389, 390 (Minn. App. 1984). Whether the agreement is ambiguous is a question of law for the court to determine. Amatuzio v. United States Fire Insurance Co., 409 N.W.2d 278,280 (Minn. App. 1987). An agreement is ambiguous if there is more than one reasonable interpretation of the agreement. Porous Media Corp. v. Midland Brake, Inc., 220 F.3d 954,959-60 (8th Cir. 2000). If ambiguities exist in an insurance agreement, they are to be interpreted in favor of the insured. Farmers Home Mutual Insurance Co. v. Lill, 332 N.W.2d 635,637 (Minn. 1983). However, unambiguous, undefined terms are to be given their ordinary meanings. Jenoff v. N.H. Ins. Co., 558 N.W.2d 260,262 (Minn. Ct. App. 1991).

**II. Applicability of Rider**

For the purposes of this motion, is was assumed that Pearce's inability to keep a full-time schedule is a result of her depression. The crucial question for partial summary judgment is whether keeping a full-time work schedule is an "essential duty of her regular occupation" as provided in the rider to her insurance policy. If a full-time schedule is essential to Dr. Pearce's ability to perform her occupation, then her inability to keep such

a schedule renders her "totally disabled" as defined in the policy, and Pearce is entitled to full monthly disability benefits.

Plaintiff asserts that the ability to work full-time is an "essential duty" of her regular occupation satisfying the first requirement for total disability under the rider. Alternatively, the plaintiff asserts that the rider must apply, because if the rider does not apply in the present situation, it provides only illusory coverage.

**A. No Issue of Material Fact Concerning Essential Duties of Occupation.**

Under the terms of the rider to plaintiff's insurance policy, Pearce is entitled to total disability benefits if:

> [B]ecause of Injury or Sickness the insured:
>
> 1. is unable to perform the essential duties of his or her regular occupation, and
> 2. is under the regular care and treatment by a Physician...

These terms are not ambiguous. Terms are ambiguous if they have more than one reasonable interpretation. Porous, 220 F.3d at 959-60. Plaintiff asserts that the ability to work full-time is an "essential duty" of her regular occupation satisfying the first requirement for total disability under the rider. The court does not agree.

The language of plaintiff's insurance policy supports the court's conclusion that the amount of time a person can perform employment duties is not itself an essential employment duty. The

policy provides for residual benefits if the insured "is unable to perform the important duties of the Insured's Occupation for more than 80 percent of the time normally required to perform them." (See Policy HN 190). This language indicates that a full-time schedule falls outside the "important duties" of plaintiff's occupation. The term "important duties" presumably includes "essential duties." Therefore, the court believes that the ability to work full-time cannot reasonably be interpreted as an essential duty of Pearce's occupation.

While plaintiff has cited several cases that purportedly support her position that working certain hours is an essential employment function, these cases are distinguishable since they involve occupations in which actual presence on the job at certain definitive times is essential, such as supervisors who oversee other employees while they work or managers who direct retail store operations when the store is open for business. See McFarland v. Gen. Am. Life Ins. Co., 149 F.3d 583 (7th Cir. 1998); see also Moore v. Payless Shoe Source, Inc., 139 F.3d 1210 (8th Cir. 1998). At bottom, plaintiff here has not persuaded the court that a full-time presence is an essential duty of her particular occupation.

The court thus concludes that plaintiff has not established an issue of material fact regarding her ability to perform essential duties of her employment. Furthermore, plaintiff has not found it necessary, and her physician has not recommended, that she refrain

from engaging in any particular professional tasks that she had performed before her hospitalization. (Pl.'s Dep. at 26,70.) Plaintiff also concedes that she has not turned away any patients due to her depression. (Id. at 105-106.) Moreover, Pearce admits that before starting her own practice, she did not discuss with her employers any limitations on her ability to work. (Id. at 95.) The court thus concludes that plaintiff has not established an issue of material fact with respect to her ability to perform the essential duties of her occupation.

**B. The Agreement is Not Illusory**

Plaintiff also asserts that if the agreement is read so that Pearce's circumstances do not afford her benefits for total disability under the rider, then there can be no other circumstances that would be covered by the rider which were not covered by the policy itself. In other words, plaintiff attempts to argue that the rider is illusory.

The rider allows for total disability benefits when the policyholder is gainfully employed in an occupation other than the policyholder's "regular" occupation. (Rider HR174.) Under the policy absent the rider, the policyholder is entitled to total disability benefits only if the policyholder cannot be gainfully employed in "any" occupation (Policy HN190). This language allows for situations in which the policyholder could collect Total disability benefits under the rider, but in the same situation

could collect only residual benefits without the rider. For example, if the plaintiff could be gainfully employed as a photographer ("any" occupation), but could not perform the essential job functions of an internist (insured's "regular" occupation), the policy definition of total disability would not apply although the rider definition would apply. The rider coverage is therefore not illusory.

Plaintiff's interpretation is unreasonable based upon the plain language of the policy. As a matter of law, plaintiff's circumstances do not meet the definition of "total disability" in the rider. Therefore, plaintiff is not entitled to total disability benefits as provided in the rider.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for partial summary judgment is granted.

2. Plaintiff's motion for partial summary judgment is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 21, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*